IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    Case No.:  21-CR-0139-01(TNM)

RACHAEL LYNN PERT,
      Defendant.

## RACHAEL PERT'S SENTENCING MEMORANDUM

The Defendant, **RACHAEL PERT**, by and through her undersigned attorney, submits this memorandum in aid of the sentencing hearing currently scheduled for December 20, 2021 at 11:00 a.m.Ms. Pert asks the Court to consider the following in determining the appropriate sentence herein:

## INTRODUCTION

Ms. Pert wishes that she had never gone to Washington, D.C. in January of 2021.  She came at the invitation of her then fiancé, Dana Winn, who intended on going to Washington to attend then President Trump's rally.  At first, Mr. Winn had a friend who was going to go with him.  When that friend backed out, Ms. Pert made the decision to go instead because she did not want Mr. Winn to make the long drive alone.  She was supposed to work those days but was able to arrange coverage for her shifts.  She was excited at first, having never before visited our Nation's Capitol.  Now, she stands before the Court with incredible remorse and regret for the decisions that she made on January 6, 202.  Nonetheless, she will stand before this Court prepared to face the consequences for her actions and their unintended effects.  She has accepted responsibility for those actions and pled guilty to Count Two of the Indictment charging Entering and Remaining in a Restricted Building or Grounds, a misdemeanor.   She faces a maximum term of incarceration of

one year. 18 U.S.C. § 1752(a)(1)). Based on a total offense level of 4 and a criminal history category of I, her guidelines range is zero to six months.

This Court must impose a sentence that is "sufficient, but not greater than necessary, to comply" with the purpose of sentencing. 18 U.S.C. §3553(a). The goal of sentencing "is to lock in a sentence that is not too short and not too long, but just right to serve of purposes of §3553(a)." *United States v. Irey*, 612 F.3d 1160, 1197 (11th Cir. 2010) (*en banc*). Ms. Pert respectfully submits that twelve months of probation, with conditions for community service and restitution, is sufficient to satisfy the purposes of sentencing in this case, as set forth in 18 U.S.C. § 3553(a) and that a more restrictive punishment would be greater than necessary.

**Nature and Circumstances of the Offense and the History and Characteristics of Rachael Pert**

The procedural history of this case is laid out accurately in the pre-sentence investigation report. However, Ms. Pert submits that several factors are significant to the Court's decision on sentencing:

A. Ms. Pert has never been particularly politically active or vocal. While there is nothing inherently wrong with such activities, Defense counsel points this out only to highlight the difference between Ms. Pert and other similarly charged defendants. She did not participate in any discussion before the 6th about the political situation or the election. She did not post anything on her social media before or after the event. There was no preparation or planning before January 6th, 2021 to be part of the breach of the Capitol. After attending the rally and walking along with hundreds of others towards the Capitol, Ms. Pert was still unaware that elements in the crowd intended anything other than a non-violent demonstration at the Capitol. She did not observe any statements or actions along that walk that led her to believe anything different. When she and Mr. Winn arrived at the Capitol, neither of them participated in any

breaking of windows or doors or any other damage to the building or property. Furthermore, she did not see or hear how the door was opened or who opened it. She certainly never engaged in any violence or threatening conduct towards any law enforcement officer. In fact, when she and Mr. Winn arrived at the Capitol, far after those elements at the forefront who had led the breach, they saw nothing of the violence that had preceded them. While in the building, their behavior was calm and peaceful and non-destructive. Ms. Pert took nothing, damaged nothing, incited no one and was in the Capitol for no more than thirty minutes. Even among other misdemeanor cases resulting from that day, Ms. Pert's behavior surely would be ranked at the least culpable end of the spectrum. None of this is recited to minimize the tragic consequences of her being there. Ms. Pert recognizes that her behavior was not only wrong but also unlawful. She has come to realize, too late, that the sheer numbers of people left law enforcement agencies unable to stem the tide and unintentionally provided cover for those with more violent and nefarious purposes. This information was not available to her at the time and we ask only that the Court judge Ms. Pert by her own actions on that day and not the actions of those whom she did not know, did not support and does not condone.

B. When Ms. Pert was contacted by law enforcement about her involvement in the events of January 6th, she immediately cooperated. She sat down with law enforcement and answered all their questions honestly. She turned over her phone and other personal property at their request, knowing that they would examine these items as part of their investigation into her actions. She has cooperated with law enforcement at every stage of these proceedings and made the decision early in her case to plead guilty and accept responsibility for her actions. These details are significant not only regarding her acceptance of that responsibility but also show her respect towards law enforcement and remorse for her actions in this case.

C. Ms. Pert's conduct through the course of this case shows her respect for the Court and for the rule of law that it represents.  Ms. Pert was informed of the arrest warrant on her and voluntarily surrendered herself to authorities on January 26, 2021.  At her initial appearance, she was released on an unsecured monetary bond and conditions of release.  At a later initial appearance in the U.S. District Court for the District of Columbia, she was again released on her personal recognizance with conditions.  She has been supervised throughout by the Pretrial Services Office in the Jacksonville Division of the Middle District of Florida.  She has complied with all her conditions and comes before the Court for sentencing without any violations or blemishes on her behavior throughout this period of her pretrial supervision.

D. Ms. Pert's history and characteristics are also significant factors that support a probationary sentence without incarceration.  Attached letters invariably describe Rachael Pert as an outstanding and dedicated single mother to her sons, a loving and caring friend and co-worker and a person who cares about and gives back to her community through volunteer work. Rachael Pert is a single mother to three sons, Nichlas, age 21, Paton, age 10 and Levi, age 7. Xavaire Slay, whose letter is one of those attached, describes her as an outstanding mother, whose children come first.  Sabrina Foster and Sara Brown also take about the difficult road Ms. Pert has had to travel, raising her children without the financial help of their fathers, but always doing so with a positive attitude and great love towards her children.  Ms. Pert has talked often during the course of this case about her children.  So much of her daily efforts are dedicated to their lives and activities, whether it be soccer practice and games or heading up Boy Scout meetings.  She is desolate now, that a spur of the moment decision to take a couple of days away with her boyfriend could lead to her being separated from her children for even the briefest period of time.  She is also described as a hard-working woman, who went above and beyond for

her co-workers and customers. At the time of these events, Ms. Pert was employed at a Circle K convenience store. One of the penalties that she has already paid for her involvement was the loss of a job that she enjoyed and that provided stable employment and a steady income with which to support her young family. Through that job, as well as a small business that she and Mr. Winn started together, she was able to pay her bills and provide for her children. After the news of her arrest came out, Ms. Pert was fired from a job she had held for nearly a year and a half and had difficulty finding new work for quite a long time. During that time, she worked primarily with Mr. Winn as a subcontractor providing and installing cabinets in new home builds and providing cleaning services. On September 24, 2021, Ms. Pert gained employment with Black Creek Builders as a construction worker. She is now working full-time again at a steady job with reliable hours. She is thankful that she is once again able to provide for her children and support their family through her own hard work and efforts.

## Legal Considerations Regarding the Sentence to be Imposed

The purposes of sentencing include punishment, rehabilitation, general deterrence, specific deterrence and incapacitation. In this case, there appears to be no need for incapacitation, specific deterrence or rehabilitation. Ms. Pert's likelihood of recidivism is very low. Her own moral compass will not allow her to every engage in this type of behavior again. She never again wants to be in this situation or put her children at risk of losing the one constant in their young lives. She has expressed genuine remorse and contrition, turned herself in to authorities and cooperated fully with their investigation. She has accepted her responsibility for her actions without reservation and has never tried to minimize her behavior on that day. While some voices may cry out for the incarceration of every participant in the events of that day, the Defense respectfully submits that this Court should provide an individualized punishment.

Probation curtails a citizen's freedom in numerous ways.  It puts limitations on travel.  It rightly allows a probation officer to examine your personal and work life at any moment, entering your home at any time to ensure compliance.  Probation is punishment, especially over a period of twelve months.  According to the United States Sentencing Guidelines Sentencing Table, Ms. Pert's guidelines range falls within Zone A and therefore, pursuant to U.S.S.G. §5B1.1(a)(1), a term of probation is authorized under the guidelines.  Further, Ms. Pert respectfully submits that a fine should not be ordered in this case.  Ms. Pert does not have the financial capability to pay a fine, as well as restitution, in this matter.

If this Court were to impose a sentence greater than a probationary term, community service and restitution, it would create an unwarranted sentencing disparity when compared to similar cases that have already gone to sentencing in this Court.  Ms. Pert respectfully submits that her case is similar to:

a. *United States v. Eliel Rosa,* 21-cr-00068(TNM)(Oct. 12, 2021) (sentenced to 12 months probation- Mr. Rosa accepted responsibility early on, did not pre-plain or coordinate activities, and did not go far in the U.S. Capital building.).

b. *United States v. Valerie Ehrke,* 21-cr-00097 (PLF) (Sept. 17, 2021) (sentenced to 36 months probation).

c. *United States v. Jennifer Parks,* 21-cr-00363 (CJN) (Dec. 8, 2021) (sentenced to 24 months probation where government asked for 30 days home detention.).

d. *United States v. Anna Morgan-Lloyd,* 21-cr-000164 (RCL) (Jun. 28, 2021) (sentenced to 36 months probation).

e. *United States v. Jonathan Sanders*, 21-cr-00384 (CJN) (Nov. 4, 2021) (sentenced to 36 months probation where defendant showed lack of remorse during an FBI interview, and govt recommended 2 months of home detention).

d. *United States v. Jordan Stotts*, 21-cr-00272 (TJK) (Nov. 9, 2021) (sentenced to 24 months probation where defendant shouted at MPD officers and posted non-remorseful comments following January 6th).

There is nothing materially different about Ms. Pert's conduct which would justify a sentence of incarceration.

## CONCLUSION

Ms. Pert does not have enough words to express how much regret, shame, and remorse she feels for her actions on January 6, 2021. She and her children will live with the consequences of her actions on that day for the rest of her life. Ms. Pert's history, her limited prior contacts with the criminal justice system and her behavior while on pretrial release are all indicative of a woman who will scrupulously follow all the Court's conditions and will continue to be a productive member of her community. Because of these factors, Ms. Pert submits that a sentence of 12 months of probation, with community service and restitution, is a reasonable sentence, given all the facts and circumstances, that is "sufficient but not greater than necessary" to address the sentencing factors and goals set forth in Title 18 U.S.C. § 3553(a). Given all the facts and circumstances of this case, such a sentence will protect the public, provide just punishment, and afford adequate deterrence.

**A. FITZGERALD HALL, ESQ.**
**FEDERAL DEFENDER**

Respectfully Submitted By:

*/s/ Waffa J. Hanania, Esq.*
Waffa J. Hanania, Esq.
Assistant Federal Defender
Florida Bar No. 0888631
200 West Forsyth Street, Suite 1240
Jacksonville, Florida 32202
Telephone: (904) 232-3039
Fax: (904) 232-1937
Email: waffa_hanania@fd.org

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of December 2021 a true copy of the foregoing was served by electronic notification to Brandon Regan, Office of the United States Attorney and Jose Ochoa, United States Probation Office.

*/s/Waffa J. Hanania, Esq.*
Waffa J. Hanania, Esq.